UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEGACY FISHING COMPANY, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:06CV00835 JR |
| ) | |
| THE HONORABLE CARLOS GUTIERREZ, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### UNOPPOSED MOTION FOR EXPEDITED CONSIDERATION AND RESOLUTION

Pursuant to 16 U.S.C. § 1855(f)(4), Plaintiffs Legacy Fishing Company and The Fishing Company of Alaska, Inc. (collectively, "Plaintiffs"), by and through their attorneys, hereby respectfully move for this action's expedited consideration and resolution. In summary, the regulation at suit to implement Amendment 79 to the Bering Sea/Aleutian Islands Groundfish Fishery Management Plan ("Amendment 79"), has a January 1, 2008, effective date.[1] The affected fishing companies, including Plaintiffs, however, will be required to invest millions of dollars in the redesign and retrofitting of their fishing vessels and on-board fish processing facilities to comply with the regulations at suit. Moreover, these companies will be required to contract for design work and shipyard time substantially in advance of the start of the reconstruction work.

---

[1] Pursuant to LCvR 7(m), Plaintiffs' and Defendant's respective counsel have conferred, and Defendant does not oppose Plaintiffs' request to expedite this case, as contemplated by 16 U.S.C. § 1855(f)(1). Defendant, however, does not join in Plaintiffs' characterizations of the claims or their substantive arguments made in the motion.

Plaintiffs seek to enjoin the illegal (and illegally promulgated) regulations necessitating these expenditures; however, the principal provision under which they seek judicial review, 16 U.S.C. § 1855(f)(1)(A), generally precludes injunctive relief pending review.  Accordingly, and as described in more detail in the accompanying memorandum of points and authorities, this case will require expedited consideration – mandatory, if requested, in any event under 16 U.S.C. § 1855(f)(4) – if Plaintiffs and others are to be able to avoid the dilemma of either making substantial outlays to comply with the regulation or betting their 2008 fishing operations on the outcome of this case.

Plaintiffs welcome an opportunity to appear in person or telephonically at a status conference if necessary to help arrive at a schedule that will permit judicial determination of the validity of Amendment 79 by January 1, 2007.  Accordingly, Plaintiffs respectfully request that the Court grant this motion.

Dated: May 24, 2006                                     Respectfully submitted,


                                                                 /s/
                                                        David E. Frulla
                                                        D.C. Bar No. 414170
                                                        Shaun M. Gehan
                                                        D.C. Bar No. 483720
                                                        Daniel S. Blynn
                                                        D.C. Bar No. 488934
                                                        Kelley Drye & Warren LLP
                                                        3050 K Street, N.W. – Suite 400
                                                        Washington, D.C.  20007
                                                        Telephone:  (202) 342-8400
                                                        Facsimile:  (202) 342-8451

                                                        *Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LEGACY FISHING COMPANY,** *et al.* | ) )  ) |
| Plaintiffs, | ) ) |
| v. | ) No. 1:06CV00835 JR ) |
| **THE HONORABLE CARLOS GUTIERREZ,** | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR EXPEDITED
CONSIDERATION AND RESOLUTION**

Pursuant to LCvR 7(a), Plaintiffs, Legacy Fishing Company ("Legacy") and The Fishing Company of Alaska, Inc. ("FCA"), by and through their attorneys, hereby respectfully submit this memorandum of points and authorities in support of their motion for expedited consideration and resolution of this case. That motion, and this supporting memorandum of law, also are submitted pursuant to the judicial review provisions of the Magnuson-Stevens Fishery Conservation and Management Act ("Magnuson-Stevens Act" or "MSA"), 16 U.S.C. § 1855(f)(4). Plaintiffs' and Defendant's respective counsel have conferred, and Defendant does not oppose Plaintiffs' request to expedite this case, as contemplated by 16 U.S.C. § 1855(f)(1). Defendant, however, does not join in Plaintiffs' characterizations of the claims or their substantive arguments made in the motion.

## NATURE OF THE DISPUTE

In this action, Plaintiffs, owners and operators of trawl catcher-processor vessels ("CP trawl vessels") fishing in the North Pacific Ocean, challenge Amendment 79 to the Bering Sea/Aleutian Islands ("BSAI") Groundfish Fishery Management Plan ("Amendment 79"), and its implementing regulations, set forth at 71 Fed. Reg. 17362 (Apr. 6, 2006). More specifically, Plaintiffs challenge the rulemaking process and the substance of Defendant's Amendment 79. In order to comply with the regulations implementing the Amendment, Plaintiffs will be required to expend millions of dollars to redesign and retrofit their fishing vessels and on-board fish processing facilities. This rebuilding process, attendant operation disruption, and operational changes required by the Amendment's implementing regulations will cause substantial losses in both commercial fishing and processing times, and the revenue derived from such operations.

Amendment 79 is scheduled to take effect on January 20, 2008. As discussed more fully below, that implementation date leaves very little time for Plaintiffs to have this litigation resolved and then, if necessary, bring their vessels into conformance with the physical requirements of that final rule. Absent expedited consideration and resolution, Plaintiffs face the quintessential Hobson's Choice: either make substantial outlays to comply with Amendment 79 or risk their 2008 fishing and processing operations on the outcome of this case.

On May 5, 2006, Plaintiffs timely filed this action seeking declaratory and injunctive relief because Defendant, and his designees at the National Marine Fisheries Service ("NMFS"), promulgated Amendment 79 in violation of law. *See*, *e.g.*, Compl. ¶¶ 4, 46, 100-02. This suit was brought under the judicial review provisions of the Magnuson-Stevens Act, Administrative Procedure Act, 5 U.S.C. §§ 701-06, and Regulatory Flexibility Act, 5 U.S.C. § 611, as well as the Declaratory Judgment Act, 28 U.S.C. § 2201.

**Plaintiff's Memorandum in Support of Motion to Expedite – Page 2**

A.     Amendment 79

Defendant's purported goal in implementing Amendment 79 is to reduce "bycatch" – fish incidentally caught in the course of commercial fishing operations which are not kept or sold due to a variety of market reasons and regulatory prohibitions – in the Bering Sea and Aleutian Island management area.  71 Fed. Reg. 17362.  To this end, it imposes a "groundfish retention standard" on all non-American Fisheries Act ("AFA")-listed CP trawl vessels that are over 125-feet in overall length.[1]  *Id.*  These non-AFA vessels are limited in the amount of processing they may undertake at-sea to beheading and gutting the fish, and freezing them in blocks.  As such, these vessels are collectively, and colloquially, referred to as the "head-and-gut" fleet.

Amendment 79 requires the subject CP trawl vessels to retain certain types of unprofitable groundfish in increasingly higher percentages of their total catch – from 65 percent retention in 2008 to 85 percent by 2011 – even as discards of other marketable species, which Plaintiffs are prohibited by law from retaining above certain amounts, are counted against the total.  *Id.* at 17363-64.  Amendment 79 also imposes several other burdens on subject vessels.  For example, by means of its monitoring and enforcement provisions, it prohibits the "mixing" of fish from two or more hauls, *id.* at 17364-65, and effectively bans the operation of more than one "flow scale," a device which measures the total weight of the catch as it moves along a conveyor belt.  *Id.* at 17365 (each haul must be weighed on a "NMFS-approved scale . . . [and be] available to be sampled by an observer from a single location at a single collection point.").

---

[1]     The American Fisheries Act, P.L. 015-277, div. C, title 11, subtitle 11, sec. 211 (October 21, 1998), *inter alia*, granted a class of named vessels and other qualifying entities exclusive rights to the directed fishery for North Pacific pollock, the world's largest fishery.  Notably, AFA-qualified vessels generally are larger than Plaintiffs' CP trawl vessels and conduct much more sophisticated processing operations at sea.  These operations, which require Coast Guard certificates for which Plaintiffs' vessels generally do not qualify, allow the AFA vessels to retain virtually every fish they catch.

**Plaintiff's Memorandum in Support of Motion to Expedite – Page 3**

### B.   Plaintiffs' Operations and Amendment 79's Impact

For its part, Plaintiff FCA operates six vessels, all exceeding two hundred feet in length, that are subject to the groundfish retention standard of Amendment 79.[2]  Plaintiff Legacy owns and operates a 132-foot CP trawl vessel, the *F/V Legacy*, which is the smallest vessel impacted by Amendment 79.  Both Plaintiffs are entirely dependent on the North Pacific groundfish fishery, which includes the Bering Sea and Aleutian Island management area, for their economic viability.

In order to comply with Amendment 79, Plaintiffs will incur significant costs to add certain equipment and retrofit their CP trawl vessels with observer sampling stations and redesigned fish holds, sorting areas, and plants.  *See, e.g.,* Letter of The Fishing Company of Alaska on the Amendment 79 Proposed Rule at 10-12 (attached as Exhibit "1").[3]  For example, the "fish bins," or holds, on FCA's vessels, into which roughly fifty tons of groundfish per tow are emptied, are designed to feed two production lines.  The holds are designed with an apex in the center.  From the apex, the floor slopes toward two conveyor belts running along the port and starboard sides.  *See id.* at 5-6.  Amendment 79's requirement that a vessel install and use only one flow scale to enable an observer to observe and sample each haul "from a single location at a single collection point," 71 Fed. Reg. at 17365, means that FCA will have to completely remodel its vessels' fish holds to eliminate both the apex-constructed floor and one of the conveyor belts.[4]

---

[2]   At the present time, however, one of these vessels, though qualified to do so, is not actively participating in the fishery.

[3]   These comments will be part of the administrative record in this case, and Plaintiffs will provide the Court with citations to these portions of the record once it becomes available, should the Court desire.

[4]   FCA may even have to relocate the remaining conveyor belt, thus necessitating even greater expenditures of money and time.  *See* Exh. 1 at 8-9.

**Plaintiff's Memorandum in Support of Motion to Expedite – Page 4**

*See* Exh. 1 at 7-8.  The cost of these modifications is estimated at approximately $800,000 per vessel.  *Id.* at 10-11.

The modifications needed for the *F/V Legacy* are not as dramatic, but this much smaller vessel will need significant retrofitting to the area adjacent the fish bin and the plant in order to accommodate a single flow-scale and observer station that meet Amendment 79's regulatory requirements.

In sum, these modifications will cost Plaintiffs millions of dollars and, more importantly for the purposes of this motion, require expensive engineering design, planning, and extended shipyard time in order to complete.  Because the regulatory requirements will be in force beginning in January 2008, and Plaintiffs need significant lead time in order to plan for and execute the aforementioned modifications, Plaintiffs respectfully request a speedy resolution of this matter.

## ARGUMENT

Plaintiffs seek an expedited hearing and consideration of this case pursuant to the judicial review provisions of the Magnuson-Stevens Act.  Although the MSA does not provide for interim injunctive relief, *see* 16 U.S.C. § 1855(f)(1)(A), it does recognize that review proceedings, like this one, are time sensitive and typically require immediate judicial consideration.  *See Associated Fisheries of Maine, Inc. v. Evans*, 329 F. Supp. 2d 172, 174-75 (D. Me. 2004) (noting that the "statutory mandate that the Court 'expedite' challenges" to rules implementing amendments to fishery management plans is particularly appropriate "[i]n light of the harm that would come from a delayed decision").

Section 1855(f)(4) states:  "Upon a motion by the person who files a petition under this subsection, the appropriate court ***shall assign the matter for hearing at the earliest possible date***

*and shall expedite the matter in every possible way*." 16 U.S.C. § 1855(f)(4) (emphasis added). Recognizing that delay in deciding fisheries matters might deny such plaintiffs an "effective remedy," courts have used flexible processes to speed resolution of Magnuson-Stevens Act cases. *See*, *e.g.*, *J.H. Miles & Co., Inc. v. Brown*, 910 F. Supp. 1138, 1147 (E.D. Va. 1995) (holding an evidentiary hearing to avoid remand to the agency for explanatory information of technical matters).

It is vital that the Court resolve this matter as soon as possible. As mentioned above, compliance with Amendment 79 will entail the purchase and installation of certain equipment, alterations to the physical lay-out of Plaintiffs' vessels and physical plants, and numerous operational changes. The present motion concerns the former requirements because, in order to comply, Plaintiffs and other regulated vessel owners will have to place firm orders for the equipment and schedule shipyard time for the installation, vessel retrofitting, and plant alterations described above. There also is significant and costly engineering and design work which must precede the actual shipyard work.

In order to minimize the disruption of Plaintiffs' fishing operations (and thus reduce the regulatory compliance costs), there are only limited periods during a year when, between fishing seasons, their vessels can be taken out to service for retrofitting and repairs necessitated by Amendment 79. Both Legacy and FCA, each of which conducts substantially different types of fishing operations, *see* Compl. ¶¶ 16-19, customarily have an annual lull in fishing opportunities in November during which they conduct routine vessel maintenance. FCA, with its fleet of six vessels, occasionally has an additional period in which such work can be undertaken in late May or early June, depending on fishing conditions.

**Plaintiff's Memorandum in Support of Motion to Expedite – Page 6**

As a result, a determination of the issues in this matter by the end of the calendar year is essential. Not only will this assist Plaintiffs in minimizing costs and resolve regulatory and business uncertainties, but it will also assist the Agency in developing a legally compliant rule in a timely manner. Plaintiffs and Defendant have conferred and agree upon a proposed briefing schedule and case management order under which briefing in this matter will conclude no later than September 27, 2006. The proposed briefing schedule and case management order are being filed simultaneously for the Court's consideration.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion for Expedited Consideration and Resolution. Accordingly, Plaintiffs seek the entry of a scheduling order that will permit judicial determination of their challenges to Amendment 79 by January 1, 2007.

Dated: May 24, 2006

Respectfully submitted,

/s/
David E. Frulla
D.C. Bar No. 414170
Shaun M. Gehan
D.C. Bar No. 483720
Daniel S. Blynn
D.C. Bar No. 488934
Kelley Drye & Warren LLP
3050 K Street, N.W. – Suite 400
Washington, D.C. 20007
Telephone: (202) 342-8400