UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEGACY FISHING COMPANY; THE FISHING COMPANY OF ALASKA, INC., )<br><br>Plaintiffs, )<br><br>v. )<br><br>THE HONORABLE CARLOS GUTIERREZ, in his official capacity as Secretary of Commerce, )<br><br>Defendant. ) | Civ. No. 06-0835 (JR) |

**ANSWER**

Federal Defendant, Carlos M. Gutierrez, Secretary of Commerce, in his official capacity, by and through counsel, hereby answers Plaintiffs' Complaint by responding to the corresponding numbered paragraphs of the Complaint as follows:

1.      The allegations in paragraph 1 are conclusions of law to which no response is required.

2.      The allegations in paragraph 2 purport to characterize Amendment 79 to the Fishery Management Plan for Groundfish of the Bering Sea and Aleutian Islands Management Area ("FMP") and its implementing regulation, Fisheries of the Exclusive Economic Zone Off Alaska; Groundfish Retention Standard, 71 Fed. Reg. 17,362 (Apr. 6, 2006) ("Final GRS Rule"), which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language and intent of Amendment 79 and the Final GRS Rule are denied.

3.      In response to the first sentence of paragraph 3, Defendant avers that reduction of

bycatch, as defined by the Magnuson-Stevens Fishery Conservation and Management Act, 16 U.S.C. 1801, et seq. ("MSA"), for fisheries and other living marine resources has become a national and global concern. Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first and second sentence of paragraph 3, and therefore denies them.

4.    The allegations in paragraph 4 are conclusions of law to which no response is required.

5-6.    Defendant avers that representatives for Plaintiffs Legacy Fishing Company and Fishing Company of Alaska ("FCA") have participated in North Pacific Fishery Management Council ("Council") meetings and have commented orally and in writing to the Council and the National Marine Fisheries Service ("NMFS") on matters generally relating to the management of the Bering Sea and Aleutian Islands ("BSAI") groundfish fishery and specifically on the development of Amendment 79. Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraphs 5 and 6, and therefore denies them.

7.    Defendant admits the allegations in the first and third sentences of paragraph 7. The allegations in the second sentence of paragraph 7 are conclusions of law to which no response is required.

8-10.    The allegations in paragraphs 8 through 10 are conclusions of law to which no response is required.

11.    The allegations in the first sentence of paragraph 11 are conclusions of law to which no response is required. Defendant admits the allegations in the second sentence of paragraph 11.

12.    Defendant avers that the December 2005 Environmental Assessment/Regulatory Impact Review/Final Regulatory Flexibility Analysis ("EA/RIR/FRFA") for the Final GRS Rule

lists FCA as the owner/manager of six vessels in the head and gut ("H&G") trawl catcher processor sector, and lists Kodiak Fish Company as the owner/manager of two vessels in the H&G trawl catcher processor sector, the F/V Legacy and the F/V Alliance. Defendant further avers that the Federal Fisheries Permit on file with the NMFS Alaska Region office lists the owner of the F/V Legacy as Legacy Fishing, Inc.

13.     In response to the first sentence in paragraph 13, Defendant avers that the definition for "groundfish" is found at 50 C.F.R. § 679.2, which speaks for itself and provides the best evidence of its meaning. Any allegations contrary to the plain language and meaning of 50 C.F.R. § 679.2 are denied. Defendant also avers that Plaintiffs operate catcher processor vessels in the BSAI groundfish fishery that use trawl gear.

14.     Defendant avers that the BSAI FMP governs fishing for many different species of fish which inhabit diverse areas of the BSAI management area. Defendant also avers that Plaintiffs harvest and process BSAI groundfish using trawl gear, a non-selective gear type that can harvest multiple species at the same time. Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 14, and therefore denies them.

15.     Defendant avers that no groundfish species in the BSAI groundfish fishery is subject to overfishing or is overfished, within the meaning of the Magnuson-Stevens Fishery Conservation and Management Act ("MSA"), 16 U.S.C. §§ 1851, 1854. Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 15, and therefore denies them. The allegations in the second sentence of paragraph 15 purport to characterize the BSAI FMP and its implementing regulations at 50 C.F.R. part 679, which speak for themselves and are the best evidence of its contents. Any allegations contrary to the plain language and intent of the regulations are denied.

16.    Defendant avers that the December 2005 EA/RIR/FRFA for the Final GRS Rule lists the F/V Legacy with an overall length of 132 feet and that it is the shortest H&G trawl catcher processor subject to the Final GRS Rule.  Defendant avers that the December 2005 EA/RIR/FRFA for the Final GRS Rule lists Kodiak Fish Company as the owner/manager of two vessels in the H&G trawl catcher processor sector, the F/V Legacy and the F/V Alliance.  Defendant further avers that the Federal Fisheries Permit on file with the NMFS Alaska Region office lists the owner of the F/V Legacy as Legacy Fishing, Inc. Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 16, and therefore denies them.

17.    Defendant avers that the F/V Legacy catches several species of BSAI groundfish but is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 17, and therefore denies them.

18.    Defendant avers that the December 2005 EA/RIR/FRFA for the Final GRS Rule lists the lengths of the vessels owned/managed by FCA as exceeding 200 feet in length overall. Defendant avers that the December 2005 EA/RIR/FRFA for the Final GRS Rule lists FCA as the owner/manager of six vessels in the head and gut ("H&G") trawl catcher processor sector. Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 18, and therefore denies them.

19.    Defendant avers that FCA's vessels catch several species of BSAI groundfish but is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 19, and therefore denies them.

20.    Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 20, and therefore denies them.

21.    Defendant admits the allegations in the first sentence of paragraph 21.  Defendant

is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 21, and therefore denies them.

22.     Due to vagueness and ambiguity, Defendant is unable to form an opinion as to the truth of the allegations in paragraph 22, and on that basis denies them.

23.     Defendant admits the allegations in the first sentence of paragraph 23.   The allegations in the second sentence of paragraph 23 purport to characterize the American Fisheries Act ("AFA"), which speaks for itself and is the best evidence of its contents.   Any allegations contrary to the plain language and meaning of the AFA are denied.

24.     In response to the first sentence of paragraph 24, Defendant avers that the December 2005 EA/RIR/FRFA provides information on the AFA catcher processor sector, indicating that those vessels primarily produce surimi and fillet products from the pollock fishery and are typically the largest in the catcher processor category.   The allegations in the second sentence of paragraph 24 purport to characterize Coast Guard requirements and regulations, which speak for themselves and provide the best evidence of their contents.   Any allegations contrary to the plain language and intent of the requirements and regulations are denied.   Due to vagueness and ambiguity, Defendant is unable to form a belief as to the truth of the remaining allegations in paragraph 24, and on that basis denies the same.

25.     Defendant avers that catcher vessels operate in the BSAI groundfish fishery and that catcher vessels deliver their catch to shoreside processors, stationary floating processors, or at-sea processors, either catcher processors or motherships.   To the extent a further response is required, Defendant denies the remaining allegations as being too general to apply to all processors receiving fish from catcher vessels.

26.     Defendant avers that some catcher processors operating in the BSAI groundfish

fishery catch BSAI groundfish, such as sablefish, using longline gear.  Defendant denies the remaining allegations in paragraph 26.

27-28.  Defendant avers that the Federal Fisheries Permit on file with the NMFS Alaska Region office lists the homeport of the F/V Legacy as Juneau, Alaska and that Federal Fisheries Permits on file with the NMFS Alaska Region office list the homeports of FCA's vessels as Seattle, Washington, and Juneau, Alaska.  Defendant further avers that the December 2005 EA/RIR/FRFA lists Seattle, Washington, and Bellingham, WA, for FCA and the F/V Legacy, respectively. Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraphs 27 and 28, and therefore denies them.

29.    The allegations in paragraph 29 purport to characterize Alaska State law, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language and meaning of Alaska State law are denied.

30.    The allegations in paragraph 30 purport to characterize the MSA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language and meaning of the MSA are denied.

31.    The allegations in paragraph 31 purport to characterize the MSA, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language and meaning of the MSA are denied.

32-37.  The allegations in paragraphs 32 through 37 purport to characterize Amendment 79 and the Final GRS Rule, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain language and intent of Amendment 79 and the Final GRS Rule are denied.

38.    Defendant avers that each trawl sector is subject to different regulatory requirements,

5

which are found at 50 C.F.R. part 679 and purport to characterize the regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain language and intent of the regulations is denied. Due to vagueness and ambiguity, Defendant is unable to form a belief as to the truth of the remaining allegations in paragraph 38, and on that basis denies the same.

39.     In response to the first sentence of paragraph 39, Defendant avers that the December 2005 EA/RIR/FRFA provides information on the AFA catcher processor sector, indicating that those vessels primarily produce surimi and fillet products from the pollock fishery and are typically the largest in the catcher processor category. Defendant also avers that some AFA catcher processors harvest species other than pollock in the BSAI groundfish fishery. Due to vagueness and ambiguity, Defendant is unable to form a belief as to the truth of the remaining allegations in paragraph 39, and on that basis denies the same.

40.     Defendant avers that catcher vessels operate in the BSAI groundfish fishery and that catcher vessels deliver their catch to shoreside processors, stationary floating processors, or at-sea processors, either catcher processors or motherships. Due to vagueness and ambiguity, Defendant is unable to form a belief as to the truth of the remaining allegations in paragraph 40, and on that basis denies the same.

41-42. Defendant avers that, for the period of time examined in the December 2005 EA/RIR/FRFA, all of the active H&G trawl catcher processor vessels equal to or greater than 125 feet in length overall that were analyzed would have had to increase their retention of BSAI groundfish under the 85% GRS as none of the vessels were achieving that retention rate. Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraphs 41-42, and therefore denies them.

43.    Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 43, and therefore denies them.

44.    Defendant avers that vessels subject to Amendment 79 and the Final GRS Rule may have to retain some groundfish that has little economic value or is not as valuable as other retained groundfish and that previously would have been discarded. Defendant denies the remaining allegations in paragraph 44.

45.    The allegations in the first sentence of paragraph 45 purport to characterize the regulations for the BSAI groundfish fishery at 50 C.F.R. part 679, including the Final GRS Rule, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain language and intent of the current regulations and the Final GRS Rule are denied. Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 45, and therefore denies them.

46.    The allegations in paragraph 46 are conclusions of law to which no response is required.

47.    The allegations in the first sentence of paragraph 47 relating to the analysis prepared for Amendment 79 and the Final GRS Rule purport to characterize the analysis for Amendment 79 and the Final GRS Rule, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain language and intent of the analysis prepared for Amendment 79 and the Final GRS Rule are denied. With respect to the allegations in the first sentence of paragraph 47 relating to the F/V Legacy, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them. The allegations in the second and third sentences of paragraph 47 are conclusions of law to which no response is required and purport to characterize the analysis for Amendment 79 and the Final GRS Rule, which speak

7

for themselves and provide the best evidence of their contents. Any allegations contrary to the plain language and intent of the analysis for Amendment 79 and the Final GRS Rule are denied.

48.    Defendant avers that, for the period of time examined in the December 2005 EA/RIR/FRFA, all of the active H&G trawl catcher processor vessels equal to or greater than 125 feet in length overall that were analyzed would have had to increase their retention of BSAI groundfish under the 85% GRS as none of the vessels were achieving that retention rate. Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 48, and therefore denies them. The allegations in the second sentence of paragraph 48 relating to Amendment 79 and the Final GRS Rule are conclusions of law to which no response is required. Defendant is without information or knowledge sufficient to form a belief as to the remaining allegations in the second sentence of paragraph 48, and therefore denies them. The allegations in the third and fourth sentences of paragraph 48 purport to characterize Amendment 79 and the Final GRS Rule, which speak for themselves and provide the best evidence of their contents. Any allegations in the third and fourth sentences contrary to the plain language and intent of Amendment 79 and the Final GRS Rule are denied. Defendant is also without information or knowledge sufficient to form a belief as to the remaining allegations in the third and fourth sentences of paragraph 48, and therefore denies them. The allegations in the fifth sentence of paragraph 48 are conclusions of law to which no response is required.

49-57.    The allegations in paragraphs 49-57 purport to characterize the MSA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to the plain language and intent of the MSA are denied.

58-59.    The allegations in paragraphs 58-59 purport to characterize Amendment 49 and the proposed rule implementing Amendment 49, 62 Fed. Reg. 34,429 (June 26, 1997), which speak for

8

themselves and provide the best evidence of their contents. Any allegations contrary to the plain language and intent of Amendment 49 and the proposed rule implementing Amendment 49 are denied.

60.    Due to vagueness and ambiguity, Defendant is unable to form an opinion as to the truth of the allegations in the first part of the first sentence of paragraph 60, and on that basis denies them. The remaining allegations in paragraph 60 purport to characterize the AFA, Amendment 49 and its implementing regulations, and BSAI groundfish fishery regulations that govern the maximum amounts of non-target species that may be retained onboard a vessel at 50 C.F.R. § 679.20, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain language and intent of the AFA, Amendment 49 and its implementing regulations, and the regulations governing maximum retainable amounts ("MRAs") at 50 C.F.R. § 679.20 are denied.

61-62.    The allegations in paragraphs 61 and 62 purport to characterize Amendment 49's implementing regulation, Improved Retention/Improved Utilization, Final Rule, 62 Fed. Reg. 63,880 (Dec. 3, 1997), and the BSAI groundfish fishery management regulations at 50 C.F.R. part 679, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain language and intent of the regulations are denied.

63-69.    The allegations in paragraphs 63-69 purport to characterize Amendment 75 to the BSAI FMP, the Notice of Availability for Amendment 75, 68 Fed. Reg. 9630 (Feb. 28, 2003), and the final rule implementing Amendment 75, 68 Fed. Reg. 52,142 (Sept. 2, 2003), which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain language and intent of Amendment 75 and its implementing regulations are denied.

70.    The allegations in paragraph 70 purport to characterize Amendment 79 and its implementing regulations, which speak for themselves and provide the best evidence of their

contents.  Any allegations contrary to the plain language and intent of Amendment 79 and its implementing regulations are denied.

71.    Defendant avers that after taking final action on Amendment 75, the Council began an examination of several actions to supersede the yellowfin sole and rock sole program implemented under Amendment 49, including a groundfish retention standard (initially identified as Amendment C) and prohibited species catch ("PSC") cooperatives that were subsequently expanded into allocations of groundfish and PSC and cooperative formation for the H&G trawl catcher processor sector (initially identified as Amendment A).  Defendant denies any remaining allegations in paragraph 71.

72.    Defendant avers that economic efficiencies can be gained if fishery participants form harvesting cooperatives and that there are a number of factors that participants must consider when making the decision whether to join a harvesting cooperative within a fishery.  Defendant is without sufficient information to form an opinion or belief about the remaining allegations in paragraph 72 and on that basis denies them.

73.    Defendant avers that the Council chose to examine  Amendment 79, the Groundfish Retention Standard, separate from Amendment 80, an action that would allocate amounts of certain BSAI groundfish and PSC species to the H&G trawl catcher processor sector and that would facilitate the formation of harvesting cooperatives within the H&G sector.  Defendant also avers that the Council took final action on Amendment 80 at their June 2006 meeting.  Defendant denies the remaining allegations in paragraph 73.

74.    In response to the allegations in the first sentence concerning the GRS requirements, the allegations purport to characterize the Final GRS Rule, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language and intent of the Final

GRS Rule are denied.  Defendants deny the remaining allegations in paragraph 74.

75.    The allegations in paragraph 75 purport to characterize the June 2003 Council meeting, the minutes and transcripts of which speak for themselves and provide the best evidence of the June 2003 meeting.  Any allegations contrary to the plain language and meaning of the minutes and transcripts are denied.

76-78.  The allegations in paragraph 76 purport to characterize Amendment 79 and the Final GRS Rule, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language and meaning of Amendment 79 and the Final GRS Rule are denied.  To the extent the allegations in paragraphs 76-78 purport to characterize actions taken by the Council, those actions are adequately reflected in council minutes, transcripts, and motions, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language and intent of the minutes, transcripts, and motions are denied.

79.    The allegations in the paragraph 79 purport to characterize Amendment 79, the AFA, and the regulations at 50 C.F.R. part 679, which speaks for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language and intent of Amendment 79, the AFA, and the regulations at 50 C.F.R. part 679 are denied.  To the extent a further response is required, Defendant denies the allegations.

80.    Defendant avers that the Council asked NMFS to expedite the rule revising the MRA accounting period for pollock.  The remaining allegations in paragraph 80 purport to characterize the rule revising the MRA for pollock harvested by non-AFA vessels in the BSAI, 69 Fed. Reg. 32,901 (June 14, 2004), which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language and intent of the minutes and regulation are denied.

81.    Defendant avers that an examination of the effects of the pollock MRA rule is

11

included in the December 2005 EA/RIR/FRFA for the Final GRS Rule, noting that, in the first 6 months under the new MRA accounting period in 2004, both the catch of pollock, with respect to the yellowfin sole target, and retained catch of pollock declined in comparison with 2003. In the first 5 months of 2005 under the new MRA accounting period, the catch of pollock with respect to the yellowfin sole target declined in comparison with both 2003 and 2004, but the rate of retention pollock retained in the yellowfin sole target increased from 61 percent and 58 percent in 2003 and 2004, to 69 percent in 2005. It is not possible to evaluate the reasons for these catch and retention amount changes with a single year of data. Reasons for a decline in the amount of pollock caught in the yellowfin sole target may be partially attributable to increases in yellowfin sole market prices reported by some industry representatives. However, without information on product prices, production and industry cost that do not currently exist for these fisheries, this potential should be regarded as speculative.  Defendant denies the remaining allegations in paragraph 81.

82.    The allegations in the first sentence of paragraph 82 purport to characterize the regulations relating to the MRAs of groundfish species in the BSAI, 50 C.F.R. § 679.20, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language and intent of the regulations are denied.  The allegations in the second sentence of paragraph 82 purport to characterize the minutes/transcripts of the Council's action in June 2003, Amendment 79, and the Final GRS Rule, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language and intent of the Council minutes/transcripts, Amendment 79 and the Final GRS Rule are denied.

83.    In response to the first sentence of paragraph 83, Defendant avers that NMFS expedited agency review of the pollock MRA rule and that NMFS approved Amendment 79 on August 31, 2005.  Defendant denies the remaining allegations in the first sentence of paragraph 83.

Defendant denies the allegations in the second sentence of paragraph 83.

84.    In response to the allegations in paragraph 84, Defendant avers that NMFS's approved Amendment 79 on August 31, 2005, and published the Final GRS rule on April 6, 2006. To extent further response required, Defendant denies the allegations in paragraph 84.

85.    The allegations in paragraph 85 purport to characterize Amendment 79, the Proposed GRS Rule, 70 Fed. Reg. 32,287, and the Final GRS Rule, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain language and intent of Amendment 79, the Proposed GRS Rule, and the Final GRS Rule are denied.

86.    Defendant avers that on May 5, 2005, NMFS received an email from Shaun Gehan, attorney with Collier Shannon Scott and representing Legacy Fishing, Inc., with an attachment entitled "White Paper: Legal Issues Relating to Amendment 79 to the Fishery Management Plan for Groundfish in the Bering Sea and Aleutian Islands." Defendant also avers that the Council received a letter dated May 24, 2005, from Shaun Gehan, attorney with Collier Shannon Scott and representing Legacy Fishing, Inc., with an attachment entitled "White Paper: Legal Issues Relating to Amendment 79 to the Fishery Management Plan for Groundfish in the Bering Sea and Aleutian Islands." The remaining allegations in paragraph 86 purport to characterize these documents, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain language and meaning of the White Papers are denied.

87.    The allegations in paragraph 87 purport to characterize Amendment 79, the Proposed GRS Rule, and the Final GRS Rule, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain language and intent of Amendment 79, the Proposed GRS Rule, and the Final GRS Rule are denied.

88.    Defendant is without information or knowledge sufficient to form a belief as to the

truth of the allegations in paragraph 88, and therefore denies them.  To extent further response is required, Defendant denies the allegations.

89.    Defendant avers that, for the period of time examined in the December 2005 EA/RIR/FRFA, all of the active H&G trawl catcher processor vessels equal to or greater than 125 feet in length overall that were analyzed would have had to increase their retention of BSAI groundfish under the 85% GRS as none of the vessels were achieving that retention rate.  Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 89, and therefore denies them.

90-93.  The allegations in paragraphs 90 through 93 purport to characterize Amendment 79, the Proposed GRS Rule, and the Final GRS Rule, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language and intent of the documents are denied.

94.    Defendant denies the allegations in paragraph 94.

95-99.  The allegations in paragraphs 95 through 99 purport to characterize Amendment 79, the Proposed GRS Rule, and the Final GRS Rule, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language and intent of the documents are denied.

100.    The allegations of paragraph 100 are conclusions of law to which no response is required.  To extent further required, Defendant denies the allegations in paragraph 100.

101.    The allegations in paragraph 101 purport to characterize the regulatory flexibility analysis, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language and intent of the analysis are denied.  The allegations of paragraph 101 are also conclusions of law to which no response is required.

102.    The allegations in paragraph 102 are conclusions of law to which no response is required and purport to characterize the December 2005 EA/RIR/FRFA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language and intent of the EA/RIR/FRFA are denied.

103.    The allegations in paragraph 103 purport to characterize Amendment 79, the Final GRS Rule, and the December 2005 EA/RIR/FRFA, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language and intent of Amendment 79, the Final GRS Rule, and the EA/RIR/FRFA are denied.  Due to vagueness and ambiguity, Defendant is unable to form a belief as to the truth of the remaining allegations in paragraph 103, and on that basis denies them.

104.    Defendant avers that NMFS received written comments from FCA during the public comment period on the Proposed GRS Rule.  The allegations in paragraph 104 purport to characterize the FCA comment letter, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language and intent of the comment letter is denied.

105.    Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 105, and therefore denies them.  The allegations in the second sentence of paragraph 105 purport to characterize the minutes/transcripts from the Council's June 2003 decision, the EA/RIR/IRFA before the Council at the time of their decision in June 2003, Amendment 79, and the Final GRS Rule, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language and intent of these documents are denied.  The allegations in the third sentence of paragraph 105 are conclusions of law to which no response is required, and Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the third sentence

15

of paragraph 105, and therefore denies them.

106.    Due to vagueness and ambiguity, Defendant is unable to form a belief as to the truth of the allegations in the first sentence of paragraph 106, and on that basis denies them.  The allegations in the second sentence of paragraph 106 are conclusions of law to which no response is required and purport to characterize Plaintiffs comment letters, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language and intent of the comment letters are denied.

107.    Defendant avers that some vessels operating within the BSAI groundfish fishery do occasionally mix hauls, as discussed in the Final GRS Rule.  Due to vagueness and ambiguity, Defendant is unable to form a belief as to the truth of the remaining allegations in paragraph 107, and on that basis denies the same.

108.    Defendant denies the allegations in paragraph 108.

109.    The allegations in the first sentence of paragraph 109 purport to characterize the Final GRS Rule, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language and intent of the Final GRS Rule are denied.  Due to vagueness and ambiguity, Defendant is unable to form a belief as to the truth of the remaining allegations in paragraph 109, and on that basis denies them.

110.    Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 110, and therefore denies them.

111-112.  The allegations in paragraphs 111-112 purport to characterize the U.S. Coast Guard's comment letter, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language and intent of the comment letter are denied.

113-114.  The allegations in paragraphs 113-114 purport to characterize the Final GRS Rule

and the December 2005 EA/RIR/FRFA, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language and intent of the Final GRS Rule and the EA/RIR/FRFA are denied.

115.    The allegations in paragraph 115 are conclusions of law to which no response is required.  Moreover, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 115, and therefore denies them.

116.    The responses to paragraphs 1 through 114 are incorporated here by reference.

117.    The allegations in paragraph 117 purport to characterize the MSA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language and intent of the MSA are denied.

118.    The allegations in paragraph 118 purport to characterize the Administrative Procedure Act ("APA"), which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language and intent of the APA are denied.

119-126. The allegations in paragraphs 119-126 are conclusions of law to which no response is required or purport to characterize the MSA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language and intent of the MSA are denied.

127.    The allegations in paragraph 127 are conclusions of law to which no response is required.

128.    The responses to paragraphs 1 through 126 are incorporated here by reference.

129-136. The allegations in paragraphs 129-136 are conclusions of law to which no response is required or purport to characterize the MSA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language and intent of the MSA are

denied.

137.    The allegations in paragraph 137 are conclusions of law to which no response is required.

138.    The responses to paragraphs 1 through 136 are incorporated here by reference.

139.    The allegations in paragraph 139 purport to characterize the MSA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language and intent of the MSA are denied.

140.    The allegations in paragraph 140 are conclusions of law to which no response is required.

141.    The responses to paragraphs 1 through 139 are incorporated here by reference.

142.    The allegations in paragraph 142 purport to characterize the MSA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language and intent of the MSA are denied.

143.    The allegations in paragraph 143 are conclusions of law to which no response is required.

144.    The responses to paragraphs 1 through 142 are incorporated here by reference.

145.    The allegations in paragraph 145 are conclusions of law to which no response is required.

146-148. The allegations in paragraphs 146-148 purport to characterize the Regulatory Flexibility Act ("RFA"), which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language and intent of the RFA are denied.

149.    The allegations in paragraph 149 are conclusions of law to which no response is required.

## PRAYER FOR RELIEF

The remainder of the Complaint constitutes Plaintiffs' request for relief, to which no response is required. To the extent further response is required, Defendant denies that Plaintiffs are entitled to the relief requested or any relief whatsoever.

## GENERAL DENIAL

Defendant denies any allegations of the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.


Dated: June 26, 2006                   Respectfully Submitted,

                                       SUE ELLEN WOOLDRIDGE, Asst. Attorney General
                                       JEAN E. WILLIAMS, Section Chief
                                       LISA L. RUSSELL, Asst. Section Chief


                                       _____ /s/ Michael R. Eitel _____
                                       MICHAEL R. EITEL,
                                       Trial Attorney (SBN 22889 (Neb.))
                                       U.S. Department of Justice
                                       Environment & Natural Resources Division
                                       Wildlife & Marine Resources Section
                                       Ben Franklin Station, P.O. Box 7369
                                       Washington, DC 20044-7369
                                       Phone: (202) 305-0339/ Fax: (202) 305-0275
                                       Email: Michael.Eitel@usdoj.gov

                                       Attorneys for Federal Defendant