Eric P. Jorgensen
Michael C. LeVine
Katharine S. Glover
EARTHJUSTICE
325 Fourth Street
Juneau, Alaska 99801
Phone: (907) 586-2751
Fax:    (907) 463-5891

Janis Searles
OCEANA
4189 SE Division Street, North Suite
Portland, Oregon 97202
Phone:  (503) 234-4552
Fax:    (503) 230-0903

*Attorneys for Proposed Intervenor-Defendants Oceana and*
*Alaska Marine Conservation Council*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEGACY FISHING COMPANY and THE FISHING COMPANY OF ALASKA, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 1:06-CV-00835-JR ) |
| THE HONORABLE CARLOS GUTIERREZ, in his official capacity as Secretary of Commerce, | ) ) ) |
| Defendant. | ) ) ) |

**MOTION TO INTERVENE BY OCEANA AND
ALASKA MARINE CONSERVATION COUNCIL**

Pursuant to Federal Rule of Civil Procedure 24(a), Oceana and the Alaska Marine Conservation Council (AMCC) hereby move to intervene as of right as defendants in this action.

In addition, and in the alternative, Oceana and AMCC seek permissive intervention pursuant to Rule 24(b).

As marine conservation organizations with longstanding commitments to protecting the North Pacific ecosystem and reducing wasteful fishing practices in the region, Oceana and AMCC have a significant protectable interest in the subject of this litigation. This action threatens to impair that interest, and Oceana and AMCC's interest may not be adequately represented by the federal defendant. For these and other reasons set forth in the attached Memorandum of Points and Authorities, the Court should grant Oceana and AMCC'S Motion to Intervene.

Pursuant to Local Rule 7(m), counsel for Oceana and AMCC has conferred with counsel for the parties to this action concerning their positions on this Motion to Intervene. Counsel for Defendant indicated that Defendant takes no position on the motion. Discussions with counsel for Plaintiffs were initiated on August 4, 2006 and concluded on August 10. Counsel for Plaintiffs indicated that Plaintiffs take no position on intervention by Oceana but oppose intervention by AMCC on the grounds that AMCC does not have a sufficient interest.

An Answer setting forth the defenses for which Oceana and AMCC seek intervention is attached. *See* Local Rule 7(j). A proposed order granting Oceana and AMCC's Motion to Intervene also is attached. *See* Local Rule 7(c).

Dated this 10th day of August, 2006.

                        Respectfully submitted,

                        /s/

Eric P. Jorgensen (D.C. Bar No. 88897)
Michael LeVine (Alaska Bar No. 0405032)
Katharine S. Glover (Alaska Bar No. 0606033)
EARTHJUSTICE
325 Fourth Street
Juneau, Alaska 99801
Phone: (907) 586-2751
Fax:    (907) 463-5891
Email: ericj@earthjustice.org

Janis Searles (Alaska Bar No. 9606027)
OCEANA
4189 SE Division Street, North Suite
Portland, Oregon 97202
Phone: (503) 234-4552
Fax:    (503) 230-0903
Email:  jsearles@oceana.org

*Attorneys for Proposed Intervenor-Defendants Oceana and Alaska Marine Conservation Council*

Eric P. Jorgensen
Michael C. LeVine
Katharine S. Glover
EARTHJUSTICE
325 Fourth Street
Juneau, Alaska 99801
Phone: (907) 586-2751
Fax:    (907) 463-5891

Janis Searles
OCEANA
4189 SE Division Street, North Suite
Portland, Oregon 97202
Phone: (503) 234-4552
Fax:    (503) 230-0903

*Attorneys for Proposed Intervenor-Defendants Oceana and
Alaska Marine Conservation Council*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEGACY FISHING COMPANY and THE FISHING COMPANY OF ALASKA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> THE HONORABLE CARLOS GUTIERREZ, in his official capacity as Secretary of Commerce, <br><br> Defendant. | Case No. 1:06-CV-00835-JR |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE BY OCEANA AND ALASKA MARINE CONSERVATION COUNCIL**

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 24(a), Oceana and the Alaska Marine Conservation Council (AMCC) seek to intervene as of right as defendants in the proceedings of this case and, in addition and in the alternative, seek permissive intervention pursuant to Rule 24(b). Oceana and AMCC are marine conservation organizations with longstanding commitments to protecting the North Pacific ecosystem. Both organizations have focused efforts on reducing bycatch in the region, including support for the rule that is the subject of this litigation, and both organizations' members use and enjoy the resources subject to this litigation. Thus, Oceana and AMCC have a significant protectable interest in the subject of this litigation, and that interest is threatened by this case. Because Oceana and AMCC focus specifically on the conservation and protection of the marine environment, their interests may not be adequately protected by the federal defendant.

## BACKGROUND

The Bering Sea/Aleutian Islands is a rich and complex marine ecosystem supporting more than 450 species of fish, crustaceans, and mollusks, as well as 50 species of seabirds, 25 species of marine mammals, and unique cold-water coral gardens. The area also supports a significant commercial fishery. Each year, commercial fishing vessels in the Bering Sea/Aleutian Islands discard thousands of tons of fish and other marine organisms as waste. These discards are called bycatch, *see* 16 U.S.C. § 1802(2) (defining bycatch as "fish which are harvested in a fishery, but which are not sold or kept for personal use . . . .").

The Magnuson-Stevens Fishery Management and Conservation Act (MSA) requires that bycatch be minimized to the extent practicable. *See* 16 U.S.C. § 1851(a)(9). Pursuant to this mandate and an obligation to "maintain a healthy marine ecosystem," the North Pacific Fisheries

Management Council (Council) and the National Marine Fisheries Service (NMFS) have sought to reduce bycatch by increasing retention and accountability in the commercial fishing fleet in the Bering Sea/Aleutian Islands. *See Environmental Assessment/Regulatory Impact Review/Initial Regulatory Flexibility Analysis for Amendment 79 to the Fishery Management Plan for Groundfish of the Bering Sea and Aleutian Islands Management Area* at 2 (hereinafter "EA").

In an effort to reduce bycatch, minimize waste, and improve utilization of harvested fish, the Council adopted Amendment 79 to the Fishery Management Plan for Groundfish of the Bering Sea and Aleutian Islands Management Area. *See id.* at xi. On April 6, 2006, NMFS issued a final rule implementing Amendment 79. *See* 71 Fed. Reg. 17,362 (April 6, 2006).

Amendment 79 implements a groundfish retention standard program in the Bering Sea/Aleutian Islands for a segment of trawl catcher/processor vessels known as the "head and gut" fleet. These boats are 125 feet or longer and are not listed as American Fisheries Act ("AFA") catcher/processors. The Amendment requires these vessels to retain an increasing proportion of their overall catch and, thereby, reduce wasteful discards. It also increases monitoring requirements and data collection. *See id.* at 17,363. Amendment 79 is intended to reduce bycatch directly by increasing retention and to create incentives for these vessels to change fishing practices to avoid species that are currently discarded.

The head and gut fleet is responsible for a disproportionate amount of bycatch. These vessels have the lowest retained catch rate among groundfish trawl fisheries in the Bering Sea/Aleutian Islands. *Id.* at 17,362. While AFA trawl catcher/processors retained over 99 percent of their groundfish catch in 2001, non-AFA trawl catcher/processors retained only 75 percent in the same year. *Id.* at 17,362-63. The retention rates for non-AFA trawl

catcher/processors are falling, sinking to only 67.6 percent in 2004. *Id*. at 17, 363. By requiring increased retention and creating incentives to change fishing practices, the Amendment is anticipated to reduce wasted groundfish discards by tens of thousands of metric tons annually. *Id.* at 17,365-66. These changes will result in cleaner fishing and significant benefits to the Bering Sea/Aleutian Islands ecosystem.

  Plaintiffs seek to overturn the final rule implementing Amendment 79 on the grounds that NMFS violated the substantive and procedural requirements of the MSA and violated the Administrative Procedure Act. Oceana and AMCC seek to intervene primarily to defend the long-term conservation benefits associated with Amendment 79 and the conservation focus of the MSA. Plaintiffs espouse an interpretation of "practicable" in this case that would dramatically narrow the MSA's conservation focus and would make it more difficult for the Council and NMFS to take future actions to reduce bycatch or otherwise manage the fisheries. Oceana and AMCC have a significant interest in defending the agency's ability to make effective conservation decisions under the MSA.

  Oceana and AMCC have longstanding commitments to protecting the marine resources in the Bering Sea/Aleutian Islands area. Members of the organizations use and enjoy the area and its resources for a variety of recreational and commercial activities. Accordingly, Oceana and AMCC have an interest both in reducing bycatch and in the conservation of the Bering Sea/Aleutian Islands resources. The federal defendant may not adequately protect those interests.

**ARGUMENT**

I.  OCEANA AND AMCC ARE ENTITLED TO INTERVENE AS OF RIGHT BECAUSE THEY HAVE AN INTEREST IN DEFENDING AMENDMENT 79 THAT MAY NOT BE ADEQUATELY PROTECTED BY THE GOVERNMENT.

Oceana and AMCC satisfy each element of the four-part test for determining when intervention as of right under Rule 24(a) is warranted.[1] Under this test,

> [p]arties have the right . . . to intervene in an action if they meet four requirements: (1) the application to intervene must be timely; (2) the applicant must demonstrate a legally protected interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's interests.

*Sec. & Exch. Comm'n v. Prudential Sec. Inc.,* 136 F.3d 153, 156 (D.C. Cir. 1998).

  A.  Oceana's Motion For Intervention Is Timely.

Timeliness is measured "from when the prospective intervenor knew or should have known that any of its rights would be directly affected by the litigation." *Roeder v. Islamic Republic of Iran*, 333 F.3d 228, 233 (D.C. Cir. 2003) (citation omitted).

> [T]imeliness is to be judged in consideration of all the circumstances, especially weighing the factors of time elapsed since the inception of the suit, the purpose for which intervention is sought, the need for intervention as a means of preserving the applicant's rights, and the probability of prejudice to those already parties in the case.

---

[1] Federal Rule of Civil Procedure 24(a) provides:

> Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

*United States v. British Am. Tobacco Austl. Servs. Ltd.*, 437 F.3d 1235, 1238 (D.C. Cir. 2006) (citing *United States v. Am. Tel. & Tel. Co.,* 642 F.2d 1285, 1295 (D.C. Cir. 1980)).

Oceana and AMCC have moved to intervene approximately three months after the complaint was filed. This amount of time is reasonable and is well within that allowed by the D.C. Circuit. *See, e.g., Hodgson v. United Mine Workers of Am.*, 473 F.2d 118, 129-130 (D.C. Cir. 1972) (motion to intervene filed seven years after complaint was timely); *Foster v. Gueory*, 655 F.2d 1319, 1324 (D.C. Cir. 1981) (ten months after complaint was timely).

Intervention will not prejudice other parties already in the case by delaying the proceedings. Indeed, briefing in the case has just begun. Oceana and AMCC will adhere to the schedule followed by the federal defendant and will not raise any new claims.

B.     Oceana and AMCC Have an Interest in the Subject Matter of This Action.

Under Rule 24(a), an intervenor must have an interest that is both protectable and related "to the property or transaction which is the subject of the action." Fed. R. Civ. P. 24(a)(2). This test is not stringent: "In a motion to intervene under Rule 24(a)(2), the question is not whether the applicable law assigns the prospective intervenor a cause of action. . . . As the Rule's plain text indicates, intervenors of right need only an 'interest' in the litigation—not a 'cause of action' or 'permission to sue.'" *Jones v. Prince George's County, Maryland*, 348 F.3d 1014, 1017-18 (D.C. Cir. 2003); *see also Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967) (noting that the interest test "is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process"). A public interest organization has an interest in legal challenges to a measure it has supported. *See Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995); *see also Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245-46 (6th Cir. 1997) (stating that the rule in *Idaho Farm*

*Bureau* supports the conclusion that "the rules governing intervention are construed broadly in favor of the applicants") (citation omitted).

Here, Oceana and AMCC have a protectable interest in the conservation, aesthetics, and management of the Bering Sea/Aleutian Islands region. The groups have been actively involved in issues relating to the management of the Bering Sea/Aleutian Islands, and both have advocated for new policies to protect the marine ecosystem by preventing bycatch and limiting the ecological effects of bottom trawling. *See* Ex. A at 2-5 (Ayers Decl. ¶¶ 4, 5, 7, 8); Ex. B at 2-3 (Childers Decl. ¶¶ 5, 7). Both organizations have participated before the Council regularly on issues related to bycatch reduction, and both advocated for the implementation of Amendment 79. *See* Ex. A at 2, 4-5 (Ayers Decl. ¶¶ 4, 8); Ex. B at 2-3 (Childers Decl. ¶ 5). Oceana and AMCC's interests in conserving the marine ecosystem and reducing wasteful fishing practices are both protectable and related to the subject of the action.

Oceana and AMCC also seek to educate the public about marine conservation and fishing practices in the Bering Sea/Aleutian Islands. *See* Ex. A at 3 (Ayers Decl. ¶ 5); Ex. B at 3 (Childers Decl. ¶ 7). The monitoring and enforcement provisions of Amendment 79 will provide significant new information on overall groundfish catch and bycatch, *see* 71 Fed. Reg. at 17,366, and thereby enhance the groups' education efforts.

Further, Oceana and AMCC members use and enjoy the Bering Sea/Aleutian Islands area for commercial and recreational fishing, subsistence use, wildlife viewing, bird watching, photography, and other uses. *See* Ex. A at 3, 5 (Ayers Decl. ¶¶ 6, 10); Ex. B at 3-4 (Childers Decl. ¶ 8). Members of both organizations fish commercially and recreationally in the area for species that are caught by bottom trawl vessels subject to the requirements of Amendment 79.

*Legacy Fishing Company, et al. v. Gutierrez,*　　　　　　　　　　　　　　　　　　　　　　　　　　　　7
1:06-cv-00835-JR

*See* Ex. A at 3, 5 (Ayers Decl. ¶¶ 6, 10); Ex. B at 4 (Childers Decl. ¶ 8). These members' interests will be affected by Amendment 79.

      C.      <u>Oceana and AMCC's Interests May Be Impaired as a Result of this Litigation.</u>

Rule 24(a) requires that an applicant for intervention as of right be "so situated that the disposition of the action *may* as a practical matter impair or impede the applicant's ability to protect that interest." Fed. R. Civ. P. 24(a) (emphasis added). Thus, Rule 24(a) does not require that the intervenors' interests will be legally impaired; it is enough that the applicant's ability to protect its interests may be impaired as a practical matter.

This case impairs Oceana and AMCC's interests in four ways. First, this lawsuit threatens the groups' interest in the conservation, aesthetics, and management of the Bering Sea/Aleutian Islands marine ecosystem. Once fully implemented, Amendment 79 will reduce the groundfish catch that is discarded as waste by tens of thousands of metric tons annually. 71 Fed. Reg. at 17,365. It also will reduce the catch of incidental species and the waste of unutilized groundfish. *Id*. at 17,366. Further, Amendment 79 will create an incentive for commercial fishermen to alter their fishing practices in order to avoid "undesirable fish," thus reducing disturbance, injury, and mortality of bycatch. *Id*. These changes will create tangible benefits for the marine ecosystem in the Bering Sea/Aleutian Islands. Thus, Amendment 79 furthers the goals established by Oceana and AMCC and is responsive at least in part to concerns raised by the groups to the Council and NMFS. Precluding implementation of Amendment 79 would reverse these accomplishments and would result in the continuation of wasteful fishing practices directly at odds with the interests and values of the groups.

Second, Oceana and AMCC maintain an interest in advancing marine conservation throughout Alaska and, for Oceana, the coastal regions of the United States. *See* Ex. A at 1-2, 3

(Ayers Decl. ¶¶ 2, 6); Ex. B at 2, 4 (Childers Decl. ¶¶ 3, 9). Plaintiffs' challenge to Amendment 79 threatens Oceana and AMCC's efforts to advocate for marine conservation in the Bering Sea/Aleutian Islands and elsewhere. Oceana and AMCC seek to intervene to defend the conservation benefits of Amendment 79. Plaintiffs argue that Amendment 79 violates the MSA by imposing overly burdensome costs. A court decision accepting that interpretation and finding that Amendment 79 violates the MSA could have a significant effect on NMFS's ability to undertake future conservation efforts. Such a decision, therefore, would threaten Oceana and AMCC's interests by limiting the agency's ability to implement future marine conservation measures that may have adverse economic impacts on commercial fishermen. *See Mass. Sch. of Law at Andover, Inc. v. United States*, 118 F.3d 776, 781 (D.C. Cir. 1997) (noting that a court decision making it more difficult for intervenors to advocate for certain policies would impair intervenors' ability to protect their interests). *Cf. Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 735 (D.C. Cir. 2003) (stating that the rule requires the court to look "to the 'practical consequences' of denying intervention") (citation omitted); *Foster*, 655 F.2d at 1325 (finding that potential intervenor's interests can be "impaired or impeded by the principle of stare decisis").

      The lawsuit also affects the groups' ability to secure information on total catch and bycatch. Oceana and AMCC would use the information gathered through the increased monitoring requirements put in place by Amendment 79 to inform their members and the public about conservation and management in the Bering Sea/Aleutian Islands region. This information would not be available if implementation of Amendment 79 is precluded.

      Finally, Oceana and AMCC members' use and enjoyment of the Bering Sea/Aleutian Islands area is dependent on a "thriving ecosystem and habitats that support healthy populations

of fish, crabs, birds, and marine mammals." Ex. A at 3 (Ayers Decl. ¶ 6). Individual fishermen and other users depend on the resources that Amendment 79 is designed to protect. Precluding implementation of Amendment 79 would remove these benefits and, thereby, harm the groups and their members.

        D.     <u>Oceana's Interests May Not Be Adequately Represented.</u>

To satisfy the final requirement for intervention, an applicant must show that the representation of its interests by the other parties "may be" inadequate. *Fund for Animals, Inc.*, 322 F.3d at 735. This required showing "should be treated as minimal." *Id.* (citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)); *see also Dimond v. District of Columbia*, 792 F.2d 17,9, 192 (D.C. Cir. 1986) (stating that showing inadequate representation "is not onerous"); *Natural Res. Def. Council v. Costle*, 561 F.2d 904, 911-12 (D.C. Cir. 1977).

The government may not adequately represent Oceana and AMCC's interests in this case. Oceana and AMCC's specific focus on marine conservation may differ from the federal government's view of the public interest. *See Trbovich*, 404 U.S. at 538-39. In *Trbovich,* the Supreme Court concluded that intervention was appropriate because the government's duty to represent both its perception of the general public interest and the specific interests of the applicant were "related, but not identical." *Id.*; *see also Fund for Animals, Inc.*, 322 F.3d at 736-37 (stating that "we have often concluded that governmental entities do not adequately represent the interests of aspiring intervenors" because the government represents the public interest whereas intervenors may represent a more narrow interest); *Natural Res. Defense Council*, 561 F.2d at 912-13 (noting that intervenors with a more narrowly focused interest than that of the government are "likely to serve as a vigorous and helpful supplement to [the government's] defense" of a regulation); *Coalition of Arizona/New Mexico Counties for Stable Econ. Growth v.*

*Dep't of the Interior*, 100 F.3d 837, 845 (10th Cir. 1996) ("[T]he governmental agency is seeking to protect not only the interest of the public but also the private interest of the petitioners in intervention, a task which is on its face impossible. . . . [T]his kind of a conflict satisfies the minimal burden of showing inadequacy of representation.") (citation omitted). Oceana and AMCC's specific interest in conservation is sufficiently different from federal defendant's interest in defending its policies and balancing the public good to warrant intervention. *See Fund for Animals*, 322 F.3d at 737 ("[I]nterests need not be wholly 'adverse' before there is a basis for concluding that existing representation of a 'different' interest may be inadequate.") (citing *Nuesse*, 385 F.2d at 703); S*agebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983) (finding that "the intervenor offers a perspective which differs materially from that of the present parties to this litigation").

Further, Oceana and AMCC's interest in conservation is a necessary element in the case. Amendment 79 was implemented with the support of environmental organizations, 71 Fed. Reg. at 17,366, and in part due to the national concern over bycatch, *id*. at 17,364, and the concerns raised by environmental interests, EA at xiii. Oceana and AMCC should be allowed to intervene to raise arguments related to this necessary focus and perspective.

II.   IN ADDTION AND IN THE ALTERNATIVE, THE COURT SHOULD GRANT OCEANA AND AMCC PERMISSIVE INTERVENTION.

Oceana and AMCC also should be allowed to intervene permissively. Federal Rule of Civil Procedure 24(b) provides for permissive intervention where an applicant's claim or defense, in addition to being timely, possesses questions of law or fact in common with the existing action. *See Massachusetts v. Microsoft Corp.*, 373 F.3d 1199, 1234-35 (D.C. Cir. 2004). This burden is substantially lower than that necessary to warrant intervention of right under Rule 24(a), and courts have great flexibility to allow permissive intervention. *See Equal Employment*

*Opportunity Ctr. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1045-46 (D.C. Cir. 1998); *Hodgson*, 473 F.2d at 125.

  As set out above, this application is timely and will not prejudice the rights of the existing parties. Additionally, Oceana and AMCC's defenses share substantial questions of law and fact with the main action. Oceana and AMCC's defense will focus on protecting the organizations' conservation interest in the Bering Sea/Aleutian Islands region. Finally, as described above, Oceana and AMCC have a significant interest in the subject matter of this action, and that interest will be impaired by an adverse judgment. Because Oceana and AMCC will represent interests in this litigation that may not otherwise be recognized by the parties, their participation will contribute to the equitable resolution of this conflict. Accordingly, permissive intervention is warranted.

## CONCLUSION

For the reasons discussed above, the Court should grant Oceana and AMCC's Motion to Intervene.

Dated this 10th day of August, 2006.

                Respectfully submitted,

                Eric P. Jorgensen (D.C. Bar No. 88897)
                Michael LeVine (Alaska Bar No. 0405032)
                Katharine S. Glover (Alaska Bar No. 0606033)
                EARTHJUSTICE
                325 Fourth Street
                Juneau, Alaska 99801
                Phone: (907) 586-2751
                Fax:   (907) 463-5891
                Email: ericj@earthjustice.org

                Janis Searles (Alaska Bar No. 9606027)
                OCEANA
                4189 SE Division Street, North Suite
                Portland, Oregon 97202
                Phone: (503) 234-4552
                Fax:   (503) 230-0903
                Email:  jsearles@oceana.org

                *Attorneys for Proposed Intervenor-Defendants Oceana and Alaska Marine Conservation Council*

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2006, copies of the MOTION TO INTERVENE BY OCEANA AND ALASKA MARINE CONSERVATION COUNCIL, MEMORANDUM OF POINTS AND AUTHORITIES with EXHIBITS, PROPOSED ORDER, DISCLOSURE AND CERTIFICATION BY OCEANA AND ALASKA MARINE CONSERVATION COUNCIL PURSUANT TO LOCAL CIVIL RULE 7.1, and ANSWER were served via email and first-class mail, postage pre-paid on:

**Michael Richard Eitel**
U.S. DEPARTMENT OF JUSTICE
Environmental & Natural Resources Division
Ben Franklin Station,
P.O. Box 7369
Washington, DC 20044-7369
Michael.Eitel@usdoj.gov

**David Earl Frulla**
**Shaun Michael Gehan**
COLLIER SHANNON SCOTT, PLLC
3050 K Street, NW, Suite 400
Washington, DC 20007
dfrulla@kelleydrye.com
sgehan@kelleydrye.com

**Daniel Scott Blynn**
KELLEY DRYE & WARREN, LLP
3050 K Street, NW, Suite 400
Washington, DC 20007
dblynn@kelleydrye.com

_____
Iris Korhonen-Penn
Legal Assistant
EARTHJUSTICE