UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                                 )

**LEGACY FISHING COMPANY,** *et al.*     )
                                                                 )
      **Plaintiffs,**                                            )
                                                                 )
v.                                                                    ) No. 1:06CV00835 JR
                                                               )
**THE HONORABLE CARLOS GUTIERREZ,**  )
                                                               )
      **Defendant.**                                        )
_____)

**PLAINTIFFS LEGACY FISHING COMPANY'S AND THE FISHING COMPANY OF ALASKA'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ALASKA MARINE CONSERVATION COUNCIL'S MOTION FOR INTERVENTION[1]**

Plaintiffs Legacy Fishing Company ("Legacy") and The Fishing Company of Alaska ("FCA") respectfully submit this Memorandum in Opposition to Proposed Intervenor-Defendant Alaska Marine Conservation Council's ("AMCC") Motion to Intervene in the current matter. Existing parties have a strong and overriding interest in having this matter resolved in a timely manner, as this Court recognized by granting the Joint Motion to Expedite. (Minute Order (May 25, 2006).) Accordingly, Plaintiffs have submitted this Opposition within three business days of AMCC's filing, and urge this Court to decide this issue expeditiously. In summary, Plaintiffs are constrained to oppose AMCC's motion because this Movant has not participated in the rulemaking at issue. Both as a prudential matter and matter of law, it is not appropriate for a proposed party to make its interest in the matter first known at the litigation stage.

In contrast, Plaintiffs have taken no position on the petition for intervention on behalf of proposed Intervenor-Defendant Oceana, largely because Oceana created a record (albeit a wafer-

---

[1] As explained below, Plaintiffs take no position on the proposed intervention of Oceana, which jointly filed its Motion to Intervene with the Alaska Marine Conservation Council.

thin one) with respect to the rule at issue, Amendment 79 to the Fishery Management Plan for Groundfish of the Bering Sea and Aleutian Islands ("Amendment 79"). (*See* A.R. 130 (Oceana's comment letter on Amendment 79 proposed rule); *id.* 30-06 at 25-26 (Oceana letter of June 3, 2003 to North Pacific Fishery Management Council ("Council") and National Marine Fisheries Service regarding actions to minimize bycatch).)  The same does not hold true for AMCC.

More specifically, AMCC failed to comment at or before the June 2003 Council meeting when Amendment 79 was adopted and did not comment on the proposed rule.[2]  AMCC's only claim of involvement is that, at some point in 2005 – *after* the Council had taken final action on Amendment 79 – it "testified again before the Council on the need to adopt and implement Amendment 79." (Childers Decl. ¶ 5.)  Such cursory participation, invisible in the administrative record, is insufficient to establish standing in a direct challenge to Amendment 79, as shown below.  Given AMCC's claims to be active in other "bycatch issues" before the Council, *id.*, its failure to weigh in on Amendment 79 at appropriate rulemaking stages evinces a lack of policy-level interest in the rule and a failure to perfect any litigable rights in this matter.

Plaintiffs' objection to AMCC's participation as party, therefore, is premised on (1) its demonstrable lack of interest in Amendment 79 during its development; (2) the potential complication that additional parties can create in subsequent proceedings, and resultant prejudice to Plaintiffs; and (3) the fact that, should this Court grant the Motion to Intervene as to Oceana, it can adequately represent any interest AMCC might assert, particularly given Oceana's and AMCC's apparent intent to file joint briefs.

---

[2]    Plaintiffs' review of the record confirms that AMCC submitted no letter on Amendment 79 prior to Council action in June 2003, (A.R. 30-06), did not speak during the public comment period on the rule (A.R. 116 at 12-31); nor did it submit a comment on either the Notice of Availability of or the proposed rule for Amendment 79.

**Plaintiff's Memorandum in Opposition to AMCC's Motion to Intervene – Page 2**

## ARGUMENT

"In addition to satisfying the four elements of Rule 24--timeliness, interest, impairment of interest, and adequacy of representation--prospective intervenors in this circuit must possess standing under Article III of the Constitution." *Jones v. Prince George's County*, 348 F.3d 1014, 1017 (D.C. Cir. 2003) (citing cases). In the administrative law context, standing to raise claims requires perfection of administrative remedies in the specific context of the rule at issue. *See Nat'l Ass'n of Mfrs. v. United States Dept. of Interior*, 134 F.3d 1095, 1111 (D.C. Cir. 1998) (failure to raise a specific "argument in the rulemaking proceedings below" constitutes a "failure to exhaust its administrative remedies"). Such perfection cannot rest on prior, similar comments in previous rulemakings. *Id.* Rather, this Circuit "require[s] complainants, before coming to court, to give the [agency] a fair opportunity to pass on a legal or factual argument." *Washington Ass'n for Television & Children v. FCC*, 712 F.2d 677, 681 (D.C. Cir. 1983).[3] One way this Circuit has defined an "interest relating to . . . the subject of the action," Fed. R. Civ. P. 24(a), is for a proposed intervenor-defendant to demonstrate a "standing to sue." *Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1047 (D.C. Cir. 1998) (citing *Mausolf v. Babbitt,* 85 F.3d 1295, 1299-1302 (8th Cir. 1996)).

By its casual actions with respect to this matter, that is, waiting until Amendment 79 was in litigation before availing itself of an opportunity to participate, AMCC cannot demonstrate the

---

[3]  In the affirmative standing context, see also *United States v. L.A. Tucker Truck Lines*, 344 U.S. 33, 37 (1952) ("Simple fairness . . . requires as a general rule that courts should not topple over administrative decisions unless the administrative body not only has erred but has erred against objection made at the time appropriate under its practice."); *Nat'l Conservative Political Action Comm. v. F.E.C.*, 626 F.2d 953, 956-957 (D.C. Cir. 1980) (accord); *but see Oceana v. Evans*, No. 04-810, 2005 U.S. Dist. LEXIS 3959, at *92 n.22 (Mar. 9, 2005, D.D.C.) (noting in *dicta* another court's excusing comment requirement in Magnuson-Stevens Fishery Conservation & Management Act ("MSA") context) (citing *Stinson Canning Co., Inc. v. Mosbacher*, 731 F. Supp. 32, 34 (D. Me. 1990)).

**Plaintiff's Memorandum in Opposition to AMCC's Motion to Intervene – Page 3**

requisite standing to sue. Its failure to meet the exhaustion requirement, moreover, cannot be excused. AMCC claims to be active before the Council in matters related to bycatch, but yet it actively chose not to participate in Amendment 79 when its involvement was required. Thus, AMCC does not have the requisite interest in the matter to warrant intervenor status.

Plaintiffs, furthermore, will be prejudiced by addition of AMCC as a Defendant-Intervenor. Its participation would add little in addition to what Oceana could contribute as an environmental organization, and AMCC's Statement of Interest does not provide any differentiation from Oceana. *See Arkla Exploration Co. v. Watt*, 548 F. Supp. 466, 477 (D. Ark. 1982) (where a proposed intervenor's "asserted claims are practically identical to those" of other parties, "the addition of further parties . . . would delay and complicate the prompt adjudications of the parties' respective interests and would add very little to [a court's] efforts to achieve the correct resolution of the issues presented"). However, AMCC's sharing full party status could unnecessarily complicate any potential settlement negotiations or other attempts to resolve issues in this case. *See, e.g., Conservation Law Found. v. Evans,* 211 F. Supp. 2d 55, 56-57 (D.D.C. 2002) (discussing complex, post-judgment, multi-party mediation in an MSA case).

As to the final prong of the intervention test—adequate representation—Plaintiffs suggest that should this Court grant Oceana's Motion to Intervene, it should likewise find that that Oceana is an adequate representative of AMCC's interests. Given that it was the apparent intent of both Oceana and AMCC to file common briefs, there should be no question but that their interests are aligned. Denying AMCC Defendant-Intervenor status, however, will have the salutary effect of limiting the number of parties.

Finally, for the reasons stated above and in light of salient prudential considerations, this Court should not allow AMCC to intervene on a permissive basis. "District courts have the

discretion . . . to deny a motion for permissive intervention even if the movant" meets all the requirements of Fed. R. Civ. Pro. 24(b). *EEOC v. Nat'l Children's Ctr.*, 146 F.3d 1042, 1048 (D.C. Cir. 1998). Having declined its opportunity to contribute to develop and support Amendment 79, AMCC should be estopped from intervening now. By its own declaration, AMCC only made general comments of support *after* Amendment 79 was promulgated by the Council, and eschewed its opportunity to formally comment on the proposed rule.

## CONCLUSION

For the reasons stated above, Legacy and FCA respectfully request that this Court deny AMCC's motion to intervene.

August 15, 2006                                             Respectfully submitted,

_____/s/_____

David E. Frulla
D.C. Bar No. 414170
Shaun M. Gehan
D.C. Bar No. 483720
Daniel S. Blynn
D.C. Bar No. 488934
Kelley Drye & Warren LLP
3050 K Street, N.W. – Suite 400
Washington, D.C. 20007
Telephone: (202) 342-8400
Facsimile: (202) 342-8451

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LEGACY FISHING COMPANY,** *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No.  1:06CV00835 JR |
| ) | |
| **THE HONORABLE CARLOS GUTIERREZ,** ) | |
| ) | |
| Defendant. ) | |

[PROPOSED] ORDER

The parties have filed cross-motions for summary judgment in this action.  Based on the record in this case and the parties' submissions, it is hereby ORDERED this _____ day of August, 2006, that Proposed Intervenor-Defendant Alaska Marine Conservation Council's Motion to Intervene is DENIED.

Date: _____       _____
                                                                    Honorable James Robertson
                                                                    United States District Judge