Eric P. Jorgensen
Michael C. LeVine
Katharine S. Glover
EARTHJUSTICE
325 Fourth Street
Juneau, Alaska 99801
Phone: (907) 586-2751
Fax:    (907) 463-5891

Janis Searles
OCEANA
4189 SE Division Street, North Suite
Portland, Oregon 97202
Phone: (503) 234-4552
Fax:    (503) 230-0903

*Attorneys for Proposed Intervenor-Defendants Oceana and
Alaska Marine Conservation Council.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEGACY FISHING COMPANY and THE FISHING COMPANY OF ALASKA, INC., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>THE HONORABLE CARLOS GUTIERREZ, in his official capacity as Secretary of Commerce, )<br>)<br>Defendant. )<br>) | Case No. 1:06-CV-00835-JR |

**REPLY SUPPORTING ALASKA MARINE CONSERVATION COUNCIL'S
MOTION TO INTERVENE**

Oceana and Alaska Marine Conservation Council (AMCC) submit this reply in support of their Motion to Intervene (Docket No. 17), filed August 10, 2006.  Federal Defendant has taken no position on the motion, *see* Federal Defendants' Response (Docket No. 18), and Plaintiffs take no position with regard to intervention by Oceana.  *See* Plaintiffs Legacy Fishing Company's and the Fishing Company of Alaska's Memorandum of Points and Authorities in Opposition to Alaska Marine Conservation Council's Motion for Intervention (Docket No. 19) (hereinafter Pls.' Opp'n).  Plaintiffs oppose intervention by AMCC on the grounds that AMCC does not have standing.  *See id*. at 2.  Plaintiffs' argument is without merit.

Plaintiffs' argument is based entirely on the alleged failure of AMCC to participate adequately in the process related to Amendment 79.  This issue is irrelevant.  First, Plaintiffs have not challenged Oceana's standing in this case, and, indeed, they could not successfully assert such a challenge.  Under well established precedent, Oceana's standing renders it unnecessary for the Court to consider whether AMCC has standing.  Moreover, Plaintiffs can point to no requirement that AMCC participate in the process related to Amendment 79 in order to have standing.  Finally, AMCC's long history of participation and advocacy on North Pacific fishery and habitat issues and, in particular, issues related to bycatch, demonstrates an interest sufficient to justify intervention.

I.   THE COURT SHOULD ALLOW AMCC'S INTERVENTION BECAUSE OCEANA HAS STANDING.

Oceana and AMCC meet all of the standards for intervention as of right.  Plaintiffs argue, however, that AMCC has not demonstrated a legally protected interest in the case, and therefore does not meet the second requirement for intervention.  *See* Pls.' Opp'n at 3.  This circuit has sometimes noted that a legally protected interest for purposes of intervention can be demonstrated by showing that a proposed intervenor has standing.  *See Mova Pharm. Corp. v.*

*Shalala*, 140 F.3d 1060, 1076 (D.C. Cir. 1998). Plaintiffs argue that AMCC cannot establish standing because it did not participate in the proceedings related to Amendment 79. Plaintiffs do not, however, challenge Oceana's standing in this case and, in fact, admit that Oceana created a record in the proceedings addressing the questions at issue in this case. *See* Pls.' Opp'n at 1-2. Because Oceana has standing, the Court need not address AMCC's standing.

It is a well established rule in this Circuit that, when one party has standing, it is not necessary to determine whether other parties have standing if their participation will not affect consideration of the merits of the case. *See United States Airwaves, Inc. v. F.C.C.*, 232 F.3d 227, 232-33 (D.C. Cir. 2000); *Military Toxics Project v. E.P.A*, 146 F.3d 948, 954 (D.C. Cir. 1998) ("Because the CMA has standing, we need not determine whether the other intervenor-applicants listed on the CMA's brief also have standing.") (citing *Duke Power Co. v. Carolina Envtl Study Group*, 438 U.S. 59, 72 n.16 (1978)); *Railway Labor Executives' Ass'n v. United States*, 987 F.2d 806, 810 (D.C. Cir. 1993); *see also Building & Constr. Trades Dep't, AFL-CIO v. Allbaugh*, 172 F. Supp. 2d 67, 74 (D.D.C. 2001).

Here, Oceana has standing to intervene, and neither the Defendant nor Plaintiffs have argued otherwise. Oceana has a demonstrated interest in the subject matter of this litigation and has participated throughout the Amendment 79 process. *See* Mem. of P. & A. in Supp. of Mot. To Intervene (Docket No. 17) (hereinafter "Mem. of P. & A.") at 7-8. Thus, the sole basis for Plaintiffs' challenge to AMCC's standing does not apply to Oceana. AMCC's participation will not affect the merits of the litigation, as AMCC and Oceana will submit a single brief. *See Military Toxics Project*, 146 F.3d at 954 ("The presence of names other than that of the CMA on the intervenors' brief obviously makes no difference to our consideration of the arguments

therein."). Thus, the court need not reach the issue of AMCC's standing, and should grant the motion to intervene with respect to both parties.

## II. AMCC HAS STANDING.

Even if Oceana's undisputed standing did not resolve the issue of AMCC's intervention, AMCC has independently demonstrated an interest not only in bycatch issues and management of the Bering Sea/Aleutian Islands fishery generally, but also a specific interest in Amendment 79 and the implications of this litigation sufficient to establish standing. *See* Ex. B at 2-4 (Childers Decl. ¶¶ 5-6, 8).[1] Plaintiffs' sole argument against AMCC's standing is that AMCC did not participate sufficiently in the process leading to the adoption of Amendment 79. *See* Pls.' Opp'n at 3. Plaintiffs do not, however, point to anything in the Magnuson-Stevens Fishery Management and Conservation Act (MSA) or agency regulations that requires exhaustion in this context. *See* Pls.' Opp'n at 3. Moreover, AMCC's participation in North Pacific fishery management issues and its participation before the North Pacific Fisheries Management Council on bycatch issues and Amendment 79 clearly show a sufficient interest in this issue to justify intervention.

### A. Exhaustion Is Not Required Under The MSA.

Should the Court address AMCC's standing, it should recognize that Plaintiffs' argument has no merit because AMCC is not required to exhaust administrative remedies in order to have standing to participate in this action. There is no statutory or regulatory requirement for

---

[1] Exhibits submitted with Oceana and AMCC's Motion to Intervene are cited as Exhibits A and B. Exhibits submitted with this Reply are referred to as Reply Exhibits A and B.

exhaustion in this context, and Plaintiffs have not asserted that such a requirement exists. *See* Pls.' Opp'n at 3-4. When a statute or agency rule does not require exhaustion, "[c]ourts are not free to impose an exhaustion requirement . . . ." *Darby v. Cisneros*, 509 U.S. 137, 154 (1993); *see also DSE, Inc. v. United States*, 169 F.3d 21, 26-27 (D.C. Cir. 1999). Because exhaustion is not required, AMCC cannot be precluded from intervention in this litigation on the basis of an alleged failure to participate in the proceedings related to Amendment 79.[2]

      B.      <u>In the Alternative, AMCC Has A Sufficient Interest In Amendment 79 To Justify Intervention As A Matter Of Right.</u>

A healthy marine ecosystem is central to AMCC's mission and important to its members' interests and livelihood. AMCC focuses on advocacy and education relating to management of fisheries and resources in the North Pacific. *See* Ex. B at 3 (Childers Decl. ¶ 7). This interest extends to eliminating wasteful fishing practices and reducing bycatch. *See id.* at 2 (Childers Decl. ¶ 4) ("Bycatch of fish, shellfish and other sensitive species that form the living seafloor is

---

[2] Even when exhaustion is required, this circuit consistently permits parties to raise questions that they did not specifically raise in rulemaking proceedings as long those issues were raised by another party or otherwise addressed by the agency. *See, e.g.*, *Etelson v. Office of Personnel Mgmt.*, 684 F.2d 918, 923 (D.C. Cir. 1982) (internal quotation marks and citation omitted) (noting that the "purpose of exhaustion . . . is narrow" (omission in original)); *see also DirectTV, Inc. v. Fed. Communications Comm'n*, 110 F.3d 816, 825 (D.C. Cir. 1997); *Engine Mfrs. Ass'n v. United States Envtl Prot. Agency*, 88 F.3d 1075, 1084 (D.C. Cir. 1996) (A party "may raise the issue [in litigation], even if it did not raise it during the rulemaking itself, so long as the agency actually considered the issue."); *S. Pac. Transp. Co. v. Interstate Commerce Comm'n*, 69 F.3d 583, 588 (D.C. Cir. 1995); *Natural Res. Def. Council v. United States Envt'l Prot. Agency*, 824 F.2d 1146, 1151-52 (D.C. Cir. 1987) (en banc) ("The NRDC's total abstention from participation in the rulemaking proceedings does not make the exhaustion requirement more compelling or negate the valid exception to that requirement [applying when another party has raised an issue] asserted by the NRDC."). The issues in this litigation have been central to the North Pacific Fishery Management Council and NMFS' consideration of Amendment 79 throughout the process. *See e.g.* EA at 40-41, 113-14; 71 Fed. Reg. 17,362, 17,364-69 (April 6, 2006).

one of AMCC's primary concerns associated with maintaining healthy fish populations and diverse marine habitats."); *see also id.* at 3 (Childers Decl. ¶ 7) (discussing AMCC publications related to bycatch). AMCC's members use and enjoy the area affected by Amendment 79 and will be affected by its implementation. *See id.* at 3-4 (Childers Decl. ¶ 8.) These interests show that AMCC has standing to participate in this action and should be permitted to intervene.

Even were there a requirement that AMCC exhaust remedies before participating in this lawsuit, AMCC meets that standard. AMCC has a long record of active participation before the Council in matters related to bycatch. Contrary to Plaintiffs' assertions, AMCC testified before the Council regarding Amendment 79 (then called trailing amendment C) in 2002 and submitted a letter in conjunction with that testimony urging the Council to implement Improved Retention/Improved Utilization regulations. *See* Reply Ex. B (Council documents showing Childers' testimony, including Childers' letter); Reply Ex. A at 4-7 (Oct. 2002 minutes at 26-29) (describing agenda item relevant to Childers' testimony); EA at 6 (discussing trailing amendments proposed at the October 2002 Council meeting, including Amendment 79).[3] AMCC again testified before the Council in 2005, urging implementation of Amendment 79. *See* A.R. 66a.1.01 at app.1, 3 (listing Dorothy Childers as providing testimony on behalf of AMCC under the D-4 Staff Tasking agenda); *see also id.* at 4 (deferring further discussion of Amendment 79 to the Staff Tasking agenda). Further, as evidenced in the record, AMCC testified in council proceedings related to bycatch in December of 2002 (A.R. 19a at app.1, 3),

---

[3] Oceana and AMCC attach this letter solely for the purpose of establishing that AMCC participated at the October 2002 Council meeting. They do not seek to expand the scope of the record on review.

October 2003 (A.R. 37a at app. 1, 4), December 2004 (A.R. 62b at app. 1, 5), April 2005 (A.R. 64a at app.1, 2), and June 2005 (A.R. 66.a.01 at app. 1, 3).  Thus, AMCC has asserted its interests before the Council repeatedly.  Although such participation is not necessary to establish standing, AMCC nonetheless participated in the Amendment 79 process and meets the requirements for standing to intervene in this litigation.

III.    AMCC MEETS ALL OTHER REQUIREMENTS FOR INTERVENTION.

As explained in the Memorandum of Points and Authorities supporting Oceana and AMCC's Motion to Intervene, AMCC satisfies all requirements for intervention.  *See* Mem. of P.& A. at 5-11.  Plaintiffs do not challenge these assertions.  Plaintiffs, however, do argue that allowing AMCC to intervene in the proceedings "could unnecessarily complicate any potential settlement negotiations or other attempts to resolve issues in this case." Pls.' Opp'n. at 4.  This contention is unavailing, and the cases cited by Plaintiffs do not apply, as AMCC's participation will not complicate or delay this litigation.  Indeed, even Plaintiffs concede that AMCC's interests are aligned with Oceana's.  *See id.* ("there should be no question but that [Oceana and AMCC's] interests are aligned").  The parties will submit one brief, and the mere addition of another name to that brief will not complicate these proceedings in any fashion.  *Cf. Military Toxics Project*, 146 F.3d at 954.  Plaintiffs have shown no persuasive reason why allowing AMCC to intervene will cause delay or undue prejudice.[4]

---

[4] Plaintiffs also assert that the Court should not grant AMCC permissive intervention.  *See* Pls.' Opp'n at 4.  For all of the reasons explained in Oceana and AMCC's Motion to Intervene and in this Reply, AMCC meets the requirements for intervention as of right, or alternatively, for permissive intervention.  Allowing AMCC to intervene will not result in prejudice to Plaintiffs or Defendant.

## CONCLUSION

For the reasons stated above and in the Memorandum of Points and Authorities supporting their Motion to Intervene, the Court should grant Oceana and AMCC's Motion to Intervene.

Dated this 18th day of August, 2006.

                Respectfully submitted,

                */s/ Eric P. Jorgensen*
                Eric P. Jorgensen (D.C. Bar No. 88897)
                Michael LeVine (Alaska Bar No. 0405032)
                Katharine S. Glover (Alaska Bar No. 0606033)
                EARTHJUSTICE
                325 Fourth Street
                Juneau, Alaska 99801
                Phone: (907) 586-2751
                Fax:   (907) 463-5891
                Email: ericj@earthjustice.org

                Janis Searles (Alaska Bar No. 9606027)
                OCEANA
                4189 SE Division Street, North Suite
                Portland, Oregon 97202
                Phone: (503) 234-4552
                Fax:   (503) 230-0903
                Email:  jsearles@oceana.org

                *Attorneys for Proposed Intervenor-Defendants Oceana and Alaska Marine Conservation Council*

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2006, a copy of the REPLY SUPPORTING ALASKA MARINE CONSERVATION COUNCIL'S MOTION TO INTERVENE, with accompanying materials, was served electronically on:

**Michael Richard Eitel**
U.S. DEPARTMENT OF JUSTICE
Environmental & Natural Resources Division
Ben Franklin Station,
P.O. Box 7369
Washington, DC 20044-7369
Michael.Eitel@usdoj.gov

**David Earl Frulla**
**Shaun Michael Gehan**
COLLIER SHANNON SCOTT, PLLC
3050 K Street, NW, Suite 400
Washington, DC 20007
dfrulla@kelleydrye.com
sgehan@kelleydrye.com

**Daniel Scott Blynn**
KELLEY DRYE & WARREN, LLP
3050 K Street, NW, Suite 400
Washington, DC 20007
dblynn@kelleydrye.com


  */s/ Eric P. Jorgensen*
Eric P. Jorgensen