IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEGACY FISHING COMPANY and THE FISHING COMPANY OF ALASKA, INC.<br>　　Plaintiffs,<br><br>v.<br><br>THE HONORABLE CARLOS GUTIERREZ,<br>　　Defendant. | )<br>)<br>)<br>)<br>)　Civil Action No. 1:06CV00835(JR)<br>)<br>)<br>)<br>) |

**MOTION OF
NATIONAL FEDERATION OF INDEPENDENT BUSINESS LEGAL FOUNDATION
FOR LEAVE TO PARTICIPATE AS AN *AMICUS CURIAE* AND
SUBMIT ITS PROPOSED MEMORANDUM OF POINTS AND AUTHORITIES
SUPPORTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
REGARDING THEIR REGULATORY FLEXIBILITY ACT CAUSE OF ACTION**

Pursuant to Federal Rule of Civil Procedure 7(b), the National Federation of Independent Business Legal Foundation ("NFIB Legal Foundation") hereby respectfully moves this Court for permission to participate in this action as an *amicus curiae* in support of Plaintiffs' Motion for Summary Judgment with regards to Plaintiffs' Fifth Cause of Action alleging the Federal Defendant violated the Regulatory Flexibility Act, 5 U.S.C. §§ 601-6012 ("RFA"). Accordingly, the Proposed *Amicus* seeks leave of the Court to file the attached Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Summary Judgment Regarding Their Regulatory Flexibility Act Cause of Action. Plaintiffs have consented to the filing of this motion and accompanying Memorandum of Points and Authorities. The Federal Defendant takes no position as to this filing.

**IDENTITY AND INTEREST OF PROPOSED *AMICUS CURIAE***

The NFIB Legal Foundation, a nonprofit public interest law firm established to protect the rights of America's small-business owners, is the legal arm of NFIB, the nation's oldest and

largest organization dedicated to representing the interests of small-business owners throughout all 50 states. In 2000, NFIB established a Legal Foundation to protect small businesses from burdensome and costly government regulations, and to ensure, through the vehicle of judicial review, that federal and state regulators faithfully abide by the laws that were enacted to protect America's small businesses. One such statute is the RFA, as amended by the Small Business Regulatory Enforcement and Fairness Act of 1996. In the last six years, the NFIB Legal Foundation has brought three actions challenging violations of the RFA by federal agencies.

NFIB's national membership owns a wide variety of America's independent businesses, including many smaller fishing vessels located throughout the country. NFIB's members independently own and operate their businesses and are not dominant in their field of operations. The majority of NFIB members have up to five employees, gross sales of approximately $350,000 per year, and net profits of $40,000 to $50,000 annually. The interests of small businesses and the interests of the NFIB Legal Foundation align over concerns regarding the impact of the National Marine Fisheries Service's ("NMFS") promulgation of a final rule that implements new retention requirements for Head and Gut Catcher / Processor ("H&G CP") vessels in order to reduce bycatch.

The Declaration of Karen Harned is attached as Exhibit 1 to the NFIB's Legal Foundation's Proposed Memorandum of Points and Authorities. The Declaration and the Proposed Memorandum identify and explain in more detail the NFIB Legal Foundation's, NFIB's and NFIB members' interests in this important cause of action.

## MATTERS WHICH PROPOSED *AMICUS CURIAE* WILL ADDRESS

The NFIB Legal Foundation will limit its discussion to whether NMFS complied with the RFA when it undertook to determine whether the final rule in question would have a "significant

economic impact on a substantial number of small entities." 5 U.S.C. § 605(b). The RFA protects small businesses, like those impacted by the final rule, by prescribing a detailed, specific process by which federal agencies must assess the impacts of regulatory proposals on small entities and then develop and consider alternatives that would ameliorate such negative impacts. Nat'l Ass'n of Psychiatric Health Sys. v. Shalala, 120 F. Supp. 2d 33, 43-44 (D.D.C. 2000). Congress also added judicial review provisions to the RFA in 1996. 5 U.S.C. § 611 (2000). In doing so, Congress recognized "that agencies have given lip service at best to [the] RFA, and small entities have been denied legal recourse to enforce the Act's requirements." See 142 CONG. REC. S3242, S3245 (daily ed. Mar. 29, 1996) (Small Business Regulation Enforcement and Fairness Act – Joint Managers' Statement of Legislative History and Congressional Intent).

In the Proposed Memorandum, Proposed *Amicus* will examine in detail the applicable standard of review, and the historical development of that standard. For its part, the Defendant has incorrectly attempted to abbreviate its and this Court's obligations under the RFA into virtual nullities. Proposed *Amicus* also will explain how a legally adequate RFA analysis requires an agency to accurately assess the universe of small entities that its proposal affects before certifying a rule will not have a substantial impact. In this case, by contrast, the Defendant has defined the universe of entities affected by the rule in a manner that impermissibly excludes a number of small businesses, namely H&G CP vessels. Finally, Proposed *Amicus* will explain how in this case NMFS minimized the effect of the rule and ignored its significant economic impact on small businesses.

## CONCLUSION

For the foregoing reasons, Proposed *Amicus* NFIB Legal Foundation therefore respectfully requests this Court's leave to file the attached Memorandum of Points and

Authorities and to participate in this action to any additional extent that the Court deems informative and constructive. A Proposed Order has been submitted with this motion.

DATED: September 15, 2006

                                         Respectfully submitted,

                                         _____

Frank J. Eisenhart (D.C. Bar No. 418630)
DECHERT LLP
1775 I Street, N.W.
Washington, DC 20006
D.C. Bar No.
Tel.: 202-261-3306
Fax 202-261-3333

Counsel for Proposed *Amicus* National Federation of Independent Business Legal Foundation

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of September, 2006, true and correct copies of Proposed *Amicus Curiae* National Federation of Independent Business Legal Foundation's Motion for Leave to Participate as an *Amicus Curiae* and Submit Its Proposed Memorandum of Points and Authorities Supporting Plaintiffs' Motion for Summary Judgment Regarding Their Regulatory Flexibility Act Cause of Action, Memorandum and Points of Authorities in Support of the Motion for Leave, and a Proposed Order have been served via first-class mail, postage prepaid, upon the following:

David E. Frulla
Shaun M. Gehan
Dan Blynn
KELLEY DRYE & WARREN LLP
3050 K Street, N.W. – Suite 400
Washington, D.C. 20007

Michael R. Eitel
U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
Wildlife and Marine Resources Section
Ben Franklin Station
P.O. Box 7369
Washington, D.C. 20044-7369

Eric P. Jorgensen
Michael C. LeVine
Katharine S. Glover
EARTHJUSTICE
325 Fourth Street
Juneau, Alaska 99801

Janis Searles
OCEANA
4189 SE Division Street, North Suite
Portland, Oregon 97202

_____
Frank J. Eisenhart